# REPORTS OF CASES

## DETERMINED IN

# THE SUPREME COURT

### OF THE

# STATE OF UTAH.

---

## MAY TERM, 1902.

---

THE STATE OF UTAH, Respondent, v. GEORGE
BATES, Appellant.

**No. 1349.** (69 Pac. 70.)

1. **Criminal Law: Larceny: Jury: Powers of Judge: Statutes Construed.**
   Revised Statutes, sections 681, 712, providing that judgment and orders of the district court may be entered either in term time or vacation, and that a judge may exercise out of court all powers conferred on him as judge, in so far as such sections relate to the right of the judge to discharge jurors before the commencement of the term for which they are summoned, are not in conflict with, but in addition to, section 1300, enumerating causes authorizing the court to discharge jurors, and section 1318 providing that the clerk on the day trial jurors are summoned to appear shall call their names, and that the names of those not excused shall be put into the trial jury box.

2. **Same: Challenge to Panel.**
   Under Revised Statutes, section 4820, providing that a challenge to the panel can only be founded on a material departure from the forms prescribed in respect to the drawing and return of the jury, or the intentional omission of the proper officer to return one or more of the jurors drawn, the act of the judge in excusing jurors is not ground for such challenge.

(1)                                    25 Utah—1

State v. Bates.

3. **Cattle Theft: Evidence: Limit to Cross-Examination.**
It is not error, in a prosecution for cattle theft, to refuse to permit the owner of the stolen cattle to be asked, on cross-examination, on the mere statement by defendant's counsel that such questions are for cross-examination purposes, if the owner's wife resides at the place where he resides, and where his children reside.

4. **Instructions: Refusal to give not Error, When.**
Where the instructions in a cattle-theft case, taken as a whole, define larceny as the felonious stealing, etc., of the personal property of another, and say that the State must prove each element of the offense beyond a reasonable doubt, that the offense can not be committed without the act constituting it being committed with a felonious intent, that defendant's confession alone will not authorize his conviction, and that the taking of the cattle under a mistaken claim of right will not constitute larceny, it is not error to refuse instructions offered, though in different language, that it must be proven beyond reasonable doubt by evidence outside of and independent of confessions that the animal was feloniously taken, and that if it was taken openly, or under claim of title, the taking was not felonious and would not constitute the crime.

5. **Confession: What is, Question for Jury: Admissibility**
A written statement by a defendant charged with cattle theft, stating that he took the animal in question from a certain ranch, which is shown to have been voluntary, and not extorted by threats and promises, is admissible in evidence, the jury being instructed that, if they find that defendant voluntarily confessed, such confession may be considered against him; the question whether such instrument is a confession being for the jury.

6. **Larceny: Value of Property: When Immaterial.**
The theft of cattle being made grand larceny by Session Laws 1899, page 50, without regard to the value of the animal stolen, it is not error in a prosecution therefor to instruct that the value of the stolen animal is immaterial.

(Decided May 27, 1902.)

Appeal from the Third District Court, Tooele County.—*Hon. C. W. Morse*, Judge.

The defendant, having been convicted upon an information charging him with larceny, appealed.

AFFIRMED.

*E. A. Walton, Esq.,* and *J. T. Smith, Esq.,* for appellant.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for the State.

MINER, C. J.—The appellant, having been convicted upon an information charging him with the larceny of a calf, appeals from the judgment of conviction.

A venire for twenty jurors was duly issued for the May term of court, nineteen of whom were duly summoned. Seven of the number did not attend at the first day of the term because they had been excused by an order of the judge at chambers, which order was duly entered on the first day of the term. Twelve jurors appeared, and, before the panel was completed for the trial of the defendant, a new venire was ordered. The defendant thereupon interposed a challenge to the panel on the ground that the court had no power to excuse the jurors except during the term at which they were summoned to attend.

1. Section 681, Revised Statutes, provides that judgments and orders of the district court may be entered either in term time or vacation. Section 712 provides that a judge may exercise, out of court, all powers expressly conferred upon a judge as contradistinguished from the court. Section 682. These provisions of the statute do not conflict with section 1318 or 1300, but simply enlarge the powers of the court for purposes of convenience and for the dispatch of business. In the present case, however, the order for discharge was not entered until the court convened. We find no error in the order denying the challenge to the panel, as such challenge, under section 4820, Revised Statutes, can be entered

only on a material departure from the forms prescribed in respect to the drawing and return of the jury, or on the intentional omission of the proper officer to summon one or more of the jurors drawn. No such cause is alleged or appears as a ground for the challenge.

2. Mr. Droubay, the owner of the property in question, was called by the prosecution, and gave testimony concerning the ownership and loss of the calf and as to the admission of the defendant to the effect that he had stolen it. After an exhaustive cross-examination, he testified that he resided on his ranch a part of the time and part of the time in the city; that he was a man of family. He was then asked if his wife resided in Tooele City, and where the children resided. Under objection, the court ruled that if counsel would state the object of the evidence sought, and if there appeared to be any reason for its admission, the court would allow counsel to pursue the inquiry as far as desired. Counsel stated in substance that it was for the purposes of cross-examination, but he did not desire to indicate any other reason than as disclosed by the question. The objection was sustained. It is true that upon cross-examination a witness may be interrogated as to any fact in issue, upon which he has given testimony, the answer to which may tend to dispute, qualify, weaken, explain, or affect his credibility as a witness; but there should be a reasonable limit to such cross-examination, and it should not be allowed to extend into remote, immaterial matters, disconnected from the examination in chief, or into personalities that would not apparently affect the testimony of the witness. Had counsel any other object than that disclosed for propounding the questions named, he could evidently have secured an answer by disclosing to the court the object of the inquiry. So far as disclosed, the testimony was unimportant and immaterial upon cross-examination, and its rejection did not amount to reversible error.

3. It is urged by appellant that the court erred in its

refusal to give the following requests: "(3), Notwithstanding you might find that the defendant had confessed to taking the said calf of Droubay, and no matter how clear, full, and satisfactory such confession, admission, or statement might be, or how freely and voluntarily made, you must be satisfied beyond a reasonable doubt, by evidence outside of and independent of such confession, that said red and white calf was feloniously stolen." "(6) If the defendant took the said calf openly, and in the presence of another person or persons, or if he took it on a real claim of title, either or all of such facts are pregnant evidence that such taking was not with felonious intent, and therefore would not be larceny." Upon these subjects the court instructed the jury as follows: "(1) The defendant, George Bates, is charged by the information filed herein with the crime of grand larceny, as follows: That he did on the first day of March, A. D. 1901, at Mill precinct, Tooele county, State of Utah, one calf of the value of $10, of the personal property of one Peter Droubay, unlawfully and feloniously steal, take, drive, and carry away. Under the laws of this State, larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another; and when the property taken is a horse, mare, colt, gelding, cow, heifer, steer, calf, bull, sheep, mule, jack, or jenny it is grand larceny. (2) The burden of proving each element of the crime charged, beyond a reasonable doubt, is upon the State; and, before you would be justified in finding the defendant guilty of the crime as charged in the information, you must find from the evidence, beyond a reasonable doubt, that the defendant did on or about the first day of March, 1901, at and within the county of Tooele, State of Utah, steal, take, and drive away a calf, and that such calf was the property of Peter A. Droubay. (3) You are instructed that if the defendant has freely and voluntarily confessed that he committed the offense charged in the informa-

tion, either orally or by a written statement signed by him, such confession or confessions are admissible as evidence against him, and should be considered by you, together with the other evidence in the case, in determining his guilt or innocence. (5) If you find from the evidence that defendant took from the possession of Droubay the calf mentioned in the information, and that such taking was under a claim of right—for instance, that the defendant claimed to be the owner of the calf—then I instruct you that such taking would not be larceny, even though the defendant was in fact mistaken, and that the said calf belonged to Droubay. (6) The guilt of the defendant can not be proven alone by confessions or statements of the defendant, without other evidence or circumstances tending to show the commission of the crime, and, unless there is other evidence, it is your duty to acquit the defendant." The instructions should be taken and considered together as a whole. In the first instruction the jury were told what the charge was in the information, and that larceny was the felonious stealing, etc., of the property of another. The language of the statute was given defining the offense charged, and the jury was told that the burden of proving each element of the crime charged, beyond a reasonable doubt, was upon the State; that unless such charge as contained in the information, and each element thereof, was proved beyond a reasonable doubt, they must acquit; that larceny could not be committed without the act constituting it was committed with a felonious intent. Taking the charge together the jury could not have been misled on this subject, although, critically speaking, it would have been better to have used the term "felonious" in the body of the instructions. The instructions were not given in the language of the requests, yet they substantially embodied the substance of the requests so far as to embrace the material questions of law involved in the case.

The testimony was somewhat conflicting, but, aside from the evidence of the confession and admissions of the defend-

ant there was testimony which tended to show, in some degree, that the offense charged had been committed by the defendant. The statements and written admissions of the defendant, tending to show guilt, were properly read in evidence, after it was made to appear that they were voluntary, and were not extorted from him by inducements or promises of favors, or threats of punishment. The written admission signed by the defendant, offered in evidence, reads as follows: "Batesville, Tooele county, March 5, 1901. I, George Bates, do solemnly swear that I took from P. A. Droubay's ranch one red and white calf, four or five months old, in company with Robert Whitehouse, who took the same. Geo. Bates." It is claimed by the defendant that the admission of this paper in evidence was error; that it is not a confession, and that the court improperly instructed the jury upon the subject. By referring to the third instruction it will be seen that the court left the effect of both oral and written admissions to the jury. They were simply told that if they found that the defendant had freely and voluntarily confessed that he committed the offense charged, either orally or by written statements, such confessions were admissible as evidence against him, to be considered together with other evidence in the case in determining his guilt. The charge was for stealing this red and white calf. The effect of the admission was that he took the calf at the time and place in question. Whether he intended to steal it or not, or whether he took it as his own property, was fully left to the consideration of the jury, and upon that branch of the case they were told that, if the taking was under a claim of right, it would not be larceny, and the defendant should be acquitted. They were also told that the defendant could not be convicted upon his confession or statements alone, without other evidence or circumstances tending to show the commission of the crime. The instructions given were sufficiently clear to cover all the rights of the defendant.

4.   The instruction given to the effect that the value of

the calf charged to have been stolen was immaterial, and that, if the jury should find that the defendant stole it, they could find him guilty of grand larceny, as charged, without taking into consideration the value of the animal, was correct. While, as a general rule, there can be no larceny of property having no value (3 Greenl. Ev., sec. 153; Com. v. Riggs, 14 Gray 376, 77 Am. Dec. 333), yet the Legislature of this State, acting within the scope of their power, have made the stealing of a calf grand larceny, without reference to its value., Sess. Laws 1899, chap. 30, p. 50.

After an examination of all the assignments of error contained in the record, we have come to the conclusion and find that there is no reversible error therein.

The judgment of the district court is affirmed.

BASKIN and BARTCH, JJ., concur.